IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-12-D
No. 5:16-CV-626-D

| THOMAS GRANDVILLE ALSTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 11, 2011, pursuant to a plea agreement, Thomas Grandville Alston ("Alston") pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (count one) and money laundering in violation of 18 U.S.C. § 1956(1)(B)(i) (count two). See [D.E. 15–16, 18]. On February 8, 2012, the court calculated Alston's advisory guideline range on count one to be 360 months to life based on a total offense level of 37 and a criminal history category of VI. See [D.E. 59]. After granting the government's motion under U.S.S.G. § 5K1.1 and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Alston to 324 months' imprisonment on count one and 240 months' imprisonment on count two to run concurrently. See [D.E. 58]; [D.E. 64] 23–30.

On April 28, 2016, Alston requested counsel [D.E. 65]. On June 28, 2016, Alston filed a motion to vacate, set aside, or correct his 324-month sentence [D.E. 66]. In support, Alston contends that he is not a career offender due to Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 66].

On May 8, 2017, the government moved to dismiss Alston's motion for failure to state a claim upon which relief can be granted [D.E. 70]. In support, the government cites Beckles v.

United States, 137 S. Ct. 886 (2017), for the proposition that "the [advisory] Guidelines are not subject to vagueness challenges under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Id. at 892.

Alston's claim fails for numerous reasons. First, the court did not rely on Alston's status as a career offender in calculating his adjusted offense level or his total offense level. See PSR [D.E. 41] ¶¶ 54, 57, 60, 62. Second, even if this court ignores Alston's conviction for assault with a deadly weapon inflicting serious injury (PSR ¶ 16), Alston remains a career offender based on his two prior felony convictions of a controlled substance offense. See U.S.S.G. § 4B1.1(a); PSR ¶¶ 22, 25. Third, and in any event, Beckles defeats Alston's claim that Johnson invalidates the court's ability to rely on Alston's conviction for assault with a deadly weapon inflicting serious injury concerning his status as a career offender. See, e.g., Beckles, 137 S. Ct. at 892; United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017).

In sum, the court GRANTS the government's motion to dismiss [D.E. 70], DENIES Alston's motion to appoint counsel [D.E. 65], DISMISSES Alston's motion to vacate [D.E. 66], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 31 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge