IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-12-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS GRANDVILLE ALSTON, | ) | |
| Defendant. | ) | |

On July 8, 2019, Thomas Grandville Alston ("Alston") moved pro se for relief under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782 [D.E. 80]. On September 24, 2019, Alston, through counsel, filed a supplemental motion. See [D.E. 82]. The United States opposes relief in light of Alston's serious criminal conduct and extensive criminal history. As explained below, the court denies Alston's motions.

On April 11, 2011, pursuant to a written plea agreement, Alston pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (count one) and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count two). See [D.E. 15, 16, 18]. On February 8, 2012, the court held Alston's sentencing hearing. See Sent. Tr. [D.E. 64]; [D.E. 57, 58]. At the hearing, the court adopted the fact set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. at 2–6; Fed. R. Crim, P. 32(i)(3)(A)–(B); [D.E. 47]. The court calculated Alston's advisory guideline range on count one to be 360 months to life based on a total offense level 37 and a criminal history category VI. See Sent. Tr. at 2–6. After granting the government's downward departure and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Alston to 324 months' imprisonment on count one and 240 months' concurrent imprisonment on count two. See id. at 6–30.

On June 28, 2016, Alston moved to vacate, set aside, or correct his 324-month sentence [D.E. 66]. See 28 U.S.C. § 2255. In support, Alston argued that he was no longer a career offender due to Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 66] 4–6.

On May 31, 2018, this court rejected Alston's motion for numerous reasons. See [D.E. 78]. First, the court did not rely on Alston's status as a career offender in calculating his adjusted offense level or his total offense level. See Sent Tr. at 2–6; PSR ¶¶ 11, 27, 29, 54, 57, 60, 62. After all, Alston trafficked 53 kilograms of cocaine and had a criminal history category VI regardless of U.S.S.G. § 4B1.1. See PSR ¶¶ 11, 27, 29, 54, 57, 60, 62. Second, and alternatively, Beckles defeated Alston's claim that Johnson invalidated the court's ability to rely on Alston's convictions in paragraphs 16, 22, and 25 concerning his criminal history. See, e.g., Beckles v. United States, 137 S. Ct. 886, 892 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017).

The court has discretion under Amendment 782 and 18 U.S.C. § 3582(c)(2) to reduce Alton's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Martin, 916 F.3d 389, 395–98 (4th Cir. 2019); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

Alston's new advisory guideline range is 292 to 365 months' imprisonment based on a total offense level 35 and criminal history category VI. See Resentencing Report [D.E. 82-3] 1; [D.E. 82] 5; U.S.S.G. § 2D1.1(c)(3); PSR ¶¶ 54–63. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa, 138 S. Ct. at 1966–68. As for his offense conduct, Alston was a major cocaine trafficker in the Eastern and Middle Districts of North Carolina from 2006 through January 25, 2011. See PSR ¶¶ 5–11; Sent. Tr. at 23–25. Alston was the leader and organizer of an extensive criminal activity that involved five or more individuals. See PSR ¶ 11. Alston trafficked an astonishing 53 kilograms of cocaine. See id. Moreover, Alston has a deplorable, violent criminal record and has performed poorly on supervision. See id. at ¶¶ 14–25; Sent. Tr. at 25–28. Alston's convictions include assault with a deadly weapon, assault with a deadly weapon inflicting serious injury, financial card fraud, possession of cocaine, simple assault (two counts), possession with intent to sell and deliver cocaine, possession of firearm by felon, assaulting inflicting serious injury, maintaining a vehicle, dwelling, place for controlled substances, possession with intent to sell and deliver marijuana, and trafficking in cocaine (two counts). PSR ¶¶ 14–25. Alston has taken some positive steps while incarcerated and has not sustained any disciplinary infractions. See [D.E. 82] 5–10; Resentencing Report at 1; cf. Pepper v. United States, 562 U.S. 476, 480 (2011). Nonetheless, in light of Alston's serious criminal conduct, serious criminal record, history of violence, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Alston, the court declines to reduce Alston's sentence. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68.

In reaching this decision, the court has considered the entire record, the parties' arguments, the new advisory guideline range, and the section 3553(a) factors. However, even if the court

3

miscalculated the new advisory guideline range, it still would not reduce Alston's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

In sum, the court DENIES Alston's motions for reduction of sentence [D.E. 80, 82].

SO ORDERED. This 7 day of May 2020.

/s/ Dever<br>
JAMES C. DEVER III<br>
United States District Judge